IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARLIN CLAY,<br>    Plaintiff,<br><br>v.<br><br>BURLINGTON COAT FACTORY<br>WAREHOUSE CORP.,<br>THOMAS CACCIATORE, an<br>individual, DARRYL BRISTON,<br>and individual and MICHAEL<br>COLBERG, and individual,<br>    Defendants. | Civil Action No. 07-0071 |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                                       April 4, 2008

This is a civil rights action including, inter alia, claims for false imprisonment, assault, and battery. Defendants, Burlington Coat Factory, Darryl Briston, and Thomas Cacciatore ("Burlington defendants") have filed a motion to enforce settlement agreement [Doc. No. 29]. Defendant Michael Colberg has filed a motion for joinder as to the Burlington defendants' motion to enforce settlement. [Doc. No. 33]. As set forth herein, the motions will be granted.

A settlement agreement is enforceable if: (1) both parties have manifested an intention to be bound by its terms; (2) the terms are sufficiently definite to be specifically enforced; and (3) there is consideration. Channel Home Centers v. Grossman, 795 F.2d 291, 298-99 (3d Cir. 1986). Even if one party demands

a release following settlement, this does not constitute a reopening of negotiations that provides justification for the other party to renounce the compromise. <u>Pugh v. Super Fresh Food Markets, Inc.</u>, 640 F.Supp. 1306, 1308 (E.D.Pa. 1986) citing <u>Main Line Theatres, Inc. v. Paramount Film Distributing Corp.</u>, 298 F.2d 801, 803 (3d Cir. 1962). "Moreover, the settlement agreement is still binding even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing." <u>Id</u>. at 1308. Where plaintiff has "a change of heart between the time he agreed to the terms of settlement and when they were reduced to writing," he may be deemed to have acted too late where the bargain has already been struck. <u>Gross v. Penn Mut. Life Ins. Co.</u>, 396 F.Supp. 373, 375 (E.D. Pa. 1975).

Here, as reflected in correspondence among counsel dated January 7, 2008, the parties expressed mutual assent to settle this litigation. Indeed, the amount of the settlement is not in dispute. Neither party vigorously contends that the case is not in fact settled. The only dispute is over the wording of the release: a general release or a mutual release. The January 7, 2008 letter to plaintiff's counsel clearly and unambiguously stated that defense counsel for Mr. Goldberg "is preparing the General Release, which we agreed will include a confidentiality

clause." Plaintiff's counsel did not object to a general release or raise the issue of a mutual release until January 21, 2008, after receiving a draft of the general release in writing. Despite the disagreement regarding the wording of the release, the parties are bound by their agreement to settle this case. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KARLIN CLAY, )
    Plaintiff, )
     )
v. ) Civil Action No. 07-0071
     )
BURLINGTON COAT FACTORY )
WAREHOUSE CORP., )
THOMAS CACCIATORE, an )
individual, DARRYL BRISTON, )
and individual and MICHAEL )
COLBERG, and individual, )
    Defendants. )

## O R D E R

Therefore, this ___ day of April, 2008, IT IS HEREBY ORDERED that Defendant Colberg's motion for joinder [Doc. No. 33] is GRANTED. IT IS FURTHER ORDERED that the Burlington Defendants' motion to enforce settlement agreement [Doc. No. 29] is GRANTED.

Plaintiff will have ten (10) days from the date of this order to notify the court and all parties of his intent to accept the settlement proceeds. If not, the proceeds will be placed with the Clerk of Court until further order of court.

Therefore, there being no further action needed by the court at this time, IT IS HEREBY ORDERED that the Clerk of Court is directed to mark this case closed, with prejudice.

BY THE COURT:

_____, J.

cc: All Counsel of Record